1
2
3
4                        UNITED STATES DISTRICT COURT
5                            DISTRICT OF NEVADA
6                                   * * *
7   B.H., a minor by and through hr Parent,        Case No. 2:23-CV-564 JCM (DJA)
    Sirbrina Bell,
8                                                              ORDER
                                    Plaintiff(s),
9
           v.
10
    CLARK COUNTY SCHOOL DISTRICT,
11  et al.,
12                                  Defendant(s).
13
14          Presently before the court is defendants Ryan Lewis ("Lewis") and Kathryn Fitzgerald

15  ("Fitzgerald")'s motion for partial dismissal of plaintiffs B.H. and Sirbrina Bell (collectively

16  "plaintiffs")'s complaint.  (ECF No. 10).  Plaintiffs filed a response (ECF No. 15), to which

17
    defendants replied.  (ECF No. 21).
18
            Defendants Clark County School District ("CCSD") and Scarlett Perryman ("Perryman")
19
20  joined in defendants Lewis and Fitzgerald's motion for partial dismissal (ECF No. 12) and

21  subsequent reply.  (ECF No. 22).

22  **I.      Background**
23
            This action arises out of the alleged mistreatment of plaintiff B.H. in her special education
24
25  class.  At the time of the incident, B.H. was a five-year-old girl diagnosed with autism spectrum

26  disorder who attended an elementary school within the Clark County School District.  (ECF No. 1

27  at 2, 4).

28

**James C. Mahan**
**U.S. District Judge**

On August 10, 2022, a specialized programs teacher's assistant witnessed Fitzgerald, B.H.'s instructor, grab B.H.'s wrist and force her into a bathroom door, where Fitzgerald proceeded to turn off the bathroom lights and close the bathroom door. (*Id.* at 5). Fitzgerald admitted to the CCSD police department that she locked B.H. in the bathroom and left her there because she would not stop singing a nursery rhyme. (*Id.*).

The complaint further alleges that Fitzgerald regularly left her students, including B.H., alone in the classroom without supervision for extended periods of time. (*Id.*). The teacher's assistant also witnessed Fitzgerald use "corporal punishment" on her students. (*Id.* at 6). Specifically, Fitzgerald grabbed B.H. by the hand and squeezed in between her index finger and thumb to obtain the child's compliance. (*Id.*). The complaint provides that Fitzgerald went so far as to instruct other teachers and their respective aides how to employ this technique. (*Id.* at 7).

A CCSD employee reported that Fitzgerald manipulated her classroom door so that it only opened if the handle was pulled in an upward direction. (*Id.* at 6). Fitzgerald allegedly manipulated the door because most of the disabled students in her class opened it by pulling down on the handle, and Fitzgerald understood that manipulating the handle would prevent students with disabilities from opening the door, thus trapping them inside the classroom. (*Id.*). Lewis, the school's principal, learned of this specific incident, but he failed to discipline any CCSD employee. (*Id.* at 2, 6).

Perryman, the Region 1 associate superintendent of CCSD, became aware of Fitzgerald's actions after communicating with a special education instructional facilitator and a CCSD teacher's aide. (*Id.* at 2-3, 7-8). The complaint also alleges that once Perryman began to learn that the CCSD police department began investigating Fitzgerald's misconduct, Perryman instructed the

special educational instructional facilitator to complete a CCF-624 form for every incident involving Fitzgerald and to back-date such forms.  (*Id.* at 8-9).[1]

The CCSD police department investigator concluded that Fitzgerald violated CCSD policy and opined that the CCF-624 forms created after the start of the investigation appeared to be "an attempted cover-up of failings throughout [the school district]."  (*Id.* at 9).

B.H. and her mother, Sirbrina Bell, filed their complaint on April 14, 2023, against CCSD, Perryman, Lewis, and Fitzgerald, asserting the following causes of action: (1) assault; (2) battery; (3) negligence; (4) negligent hiring, training, and supervision; (5) intentional infliction of emotional distress; (6) violation of constitutional right to substantive due process; (7) violation of constitutional right to equal protection; (8) violation of constitutional protections for disabled persons; (9) abuse of a vulnerable person/enhanced damages; and (10) violation of the Rehabilitation Act of 1973.  (*Id.* at 10-24).

Defendants filed the instant motion seeking partial dismissal of plaintiffs' complaint, moving the court to take the following actions: (1) dismiss the official capacity claims against Lewis, Fitzgerald, and Perryman; (2) dismiss all claims against Lewis and Perryman except the sixth cause of action for violation of a constitutional right to substantive due process; (3) dismiss plaintiffs' fifth cause of action for intentional infliction of emotional distress; (4) dismiss plaintiffs' seventh cause of action for violation of constitutional right to equal protection; and (5) deny any leave to amend.

The court finds that plaintiffs pleaded their causes of action for intentional infliction of emotional distress sufficiently to survive a motion to dismiss, but not their cause of action for

---

[1] Although not defined in plaintiffs' complaint, the surrounding language indicates that a CCF-624 form is a document that reports an incident involving misconduct.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

violation of constitutional right to equal protection.  Moreover, the official capacity claims against Lewis, Fitzgerald, and Perryman are duplicative of the claims against CCSD, thus warranting their dismissal.

Finally, although plaintiffs' response raises valid points as to why certain claims against Lewis and Perryman should remain, their complaint fails to specifically name these defendants in relation to these claims, warranting dismissal of all causes action against them except for violation of a constitutional right to substantive due process.

## II.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1

2    Second, the court must consider whether the factual allegations in the complaint allege a

3    plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

4    alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

5    alleged misconduct.  *Id.* at 678.

6    When the complaint does not permit the court to infer more than the mere possibility of

7    misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.*

8    (internal quotation marks omitted).  Additionally, when the allegations in a complaint have not

9    crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed.  *Twombly*,

10   550 U.S. at 570.

11

12   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

13   1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

14           First, to be entitled to the presumption of truth, allegations in a complaint or
15           counterclaim may not simply recite the elements of a cause of action, but must contain
         sufficient allegations of underlying facts to give fair notice and to enable the opposing
16           party to defend itself effectively.  Second, the factual allegations that are taken as true
         must plausibly suggest an entitlement to relief, such that it is not unfair to require the
17           opposing party to be subjected to the expense of discovery and continued litigation.

18   *Id*.

19

20   If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless

21   the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

22   655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when

23   justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the

24   movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing

25   party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court

26   should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*,

27   203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks omitted).

28

James C. Mahan
U.S. District Judge

- 5 -

III.     **Dicussion**

A.  Official capacity claims

Defendants argue that official capacity claims against Lewis, Fitzgerald, and Perryman should be dismissed, as they are duplicative of official capacity claims against CCSD.

"A suit against a government official in his official capacity is equivalent to a suit against the government itself."  *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 2001).  Where both the public entity and a municipal officer are named in a lawsuit, a court may dismiss the individual named in his official capacity as a redundant defendant.  *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 1986).

Plaintiffs assert causes of action against defendants Lewis, Fitzgerald, and Perryman in both their individual and official capacity.  (ECF No. 1).  Defendants have represented that they do not dispute that a claim against them in an individual capacity can be maintained under federal law.  (ECF No. 21 at 3).

The official capacity claims against Lewis, Fitzgerald, and Perryman are duplicative of the official capacity claims against CCSD.  Similar to cases involving police officers and claims asserted under 42 U.S.C. § 1983, official capacity claims against individual school administrators are duplicative of claims against the school district itself.  *See Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 5 F. Supp. 1164, 1180 (C.D. Cal. 2014) ("[a]lthough Plaintiffs' First Claim herein is against the individuals in their official rather than their individual capacities, that distinction does not help Plaintiffs since suing the administrators in their official capacity is nothing more than another way of stating a claim against the District itself and is therefore duplicative") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

James C. Mahan
U.S. District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The court dismisses the official capacity claims against Defendants Lewis, Fitzgerald, and Perryman, as they are duplicative of claims against CCSD.  Lewis, Fitzgerald, and Perryman remain defendants regarding claims asserted against them in their individual capacity, except for those dismissed for other reasons, as elucidated, *infra*.

      B.  <u>Limitation of claims asserted against Lewis and Perryman</u>

Defendants aver that all causes of action against Lewis and Perryman, except for violation of a constitutional right to substantive due process, should be dismissed because they require a great degree of inference as to their conduct and relate to the conduct of Fitzgerald only.

The crux of the complaint hinges on the actions of and alleged abuse committed by Fitzgerald.  In their response, plaintiffs argue that although it does not appear "at this early stage" that Lewis and Perryman were present when Fitzgerald assaulted, battered, and abused B.H., their complaint indeed alleges that Lewis and Perryman were aware of this conduct and ignored it.  (ECF No. 15 at 9).  The rest of plaintiffs' claims allege a cover-up related to the abuse and neglect, as well a failure to supervise, by Lewis and Perryman.  (*Id.* at 9-10).

The court is tasked with a difficult decision regarding whether to limit the claims asserted against Lewis and Perryman.  Although plaintiffs' response to defendants' motion alleges facts that would likely satisfy the pleading standard and survive a motion to dismiss, their complaint, which is the operative document in this action, is vague.  Specifically, there is no notation next to each cause of action showing which claim corresponds to which defendants.

The role of the court is to be the finder of fact, not to deduce the minutiae of an unclear pleading to see which defendants are implicated in certain causes of action.  Although plaintiffs now task the court to conduct this exercise, it refuses to engage in such a practice.  *See Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20,

**James C. Mahan**
**U.S. District Judge**

2013) ("[a] judge is the impartial umpire of legal battles, not a party's attorney.  He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

Given the lack of clarity in plaintiffs' complaint, the court dismisses all causes of action against Lewis and Perryman, except for violation of a constitutional right to substantive due process, without prejudice.

C.  Intentional infliction of emotional distress

Defendants next move for dismissal of plaintiffs' claim for intentional infliction of emotional distress.

To establish a cause of action for intentional infliction of emotional distress under Nevada law, a plaintiff must establish: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress.  *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000).  "Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."  *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation omitted).

Defendants posit that this claim fails as a matter of law because allegations of anxiety and depression without an indication of treatment are insufficient.  (ECF No. 10 at 5); *see Miller v. Jones*, 970 P.2d 571, 577 (ruling that the plaintiff's testimony that he was depressed for some time but did not seek any medical or psychiatric assistance was insufficient to support an intentional infliction of emotional distress claim).

James C. Mahan
U.S. District Judge

1
2
3
4
5
6
7
8

Plaintiffs aptly point out that *Miller* was decided at the summary judgment stage, when discovery concluded.  (ECF No. 15 at 7).  Unlike in *Miller*, discovery is still ongoing in this case, and additional pleadings may render new facts.  Furthermore, plaintiffs' complaint alleges that B.H. "was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment."  (ECF No. 1 at 16).  The court thus finds it premature to dismiss plaintiffs' claim for intentional infliction of emotional distress.

9
10
11

Plaintiffs' claim for intentional infliction of emotional distress is pleaded sufficiently, and remains in the complaint as asserted against defendants CCSD and Fitzgerald.

12

D.  <u>Constitutional right to equal protection</u>

13
14
15
16
17

Finally, defendants move for dismissal of plaintiffs' claim for violation of constitutional right to equal protection.[2]  The court adopts the test for selective enforcement, as plaintiffs allege that CCSD employees enforced certain actions against B.H. that were not inflicted upon other students in CCSD who did not suffer from disabilities.  (ECF No. 1 at 19).

18
19
20
21
22
23
24
25

To successfully challenge "selective enforcement" under the Fourteenth Amendment equal protection clause, plaintiffs must demonstrate (1) that enforcement had a discriminatory effect and (2) the [defendants] were motivated by a discriminatory purpose.  *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007) (citation omitted).  "In addition to the showing of discriminatory purpose and effect, plaintiffs seeking to enjoin alleged selective enforcement must demonstrate the [defendant's] misconduct is part of a 'policy, plan, or a pervasive pattern.'"  *Id.* at 1153 (citing *Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1993)).

26
27
28

---

[2] Plaintiffs allege violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article 1, § 9 of the Constitution of the State of Nevada. (ECF No. 1 at 19).

**James C. Mahan**
**U.S. District Judge**

Discriminatory effect is shown when a plaintiff demonstrates that other similarly situated individuals not in the plaintiff's protected class were not subject to the same conduct. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). "To show discriminatory purpose, a plaintiff must establish that 'the decision-maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.'" *Rosenbaum,* 484 F.3d at 1153 (quoting *Wayte v. United States*, 470 U.S. 598, 610 (1985)).

Plaintiffs' complaint fails to allege that similarly situated individuals were not subject to the same discrimination alleged by B.H. The complaint consists of blanket and conclusory assertions that non-disabled student received preferential treatment. (ECF No. 1 at 19-20).

Historically, "threadbare allegations" of "different treatment to similarly situated individuals" would defeat a motion to dismiss. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 12-18-19 (10th Cir. 2011). In the wake of *Twombly* and *Iqbal*, the legal standard must be applied with care. *Id.* at 1219. Therefore, "it is imperative for the class-of-one plaintiff to provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214.

There simply is not enough detail in plaintiffs' complaint to satisfy this burden, as there are no specific allegations of different treatment B.H. received compared to similarly situated individuals not in her protected class.

Plaintiffs' claim for violation of constitutional right to equal protection as to defendants CCSD and Fitzgerald is dismissed without prejudice.

E.  <u>Leave to amend</u>

Plaintiffs request that the court permit them leave to amend their complaint if the court were to dismiss any causes of action. (ECF No. 15 at 10).

James C. Mahan
U.S. District Judge

The court should freely give leave to amend when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend should be granted if it appears at all possible that a plaintiff can correct any defect.  *See generally Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

The court grants leave for plaintiffs to amend their complaint.  Plaintiffs have yet to file an amended complaint in the action.  Additionally, allowing plaintiffs to amend their complaint would not cause undue prejudice to defendants.  Finally, there is a probability for plaintiffs to cure the defects in their complaint if given leave to amend.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Ryan Lewis, Kathryn Fitzgerald, Clark County School District, and Scarlett Perryman's motion for partial dismissal of plaintiffs B.H. and Sirbrina Bell's complaint (ECF No. 10), be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

The official capacity claims against defendants Ryan Lewis, Kathryn Fitzgerald, and Scarlett Perryman are dismissed without prejudice.

All causes of action against defendants Ryan Lewis and Scarlett Perryman, except for violation of a constitutional right to substantive due process, are dismissed without prejudice.

James C. Mahan
U.S. District Judge

- 11 -

Plaintiffs' claim for violation of constitutional right to equal protection as to defendants Clark County School District and Kathryn Fitzgerald is dismissed without prejudice.

Plaintiffs' claim for intentional infliction of emotional distress remains in the complaint as asserted against defendants Clark County School District and Kathryn Fitzgerald.

Plaintiffs shall file any amended complaint within twenty-one (21) days of receiving this order.

DATED December 18, 2023.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 12 -