UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| B.H., a minor by and through her Parent, Sibrina Bell, | Case No. 2:23-cv-00564-JCM-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Clark County School District, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to seal exhibits to their response to Defendants CCSD and Scarlett Perryman's motion for partial summary judgment (ECF No. 71) and Plaintiffs' motion to seal exhibits to their response to Defendants Ryan Lewis and Kathryn Fitzgerald's motion for partial summary judgment (ECF No. 73). No party has responded to the motions. However, Plaintiffs have not sufficiently justified certain of her sealing requests. So, the Court will deny the motions without prejudice but will retain the exhibits under seal to allow time for Plaintiffs to file a renewed motion to seal.

**I.    Discussion.**

There is a strong presumption in favor of access to court records which is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation and citation omitted). A party seeking to seal a judicial record more than tangentially related to the merits of the case then bears the burden of "overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr for Auto Safety*, 809 F.3d at 1099. "Under this stringent standard, a court may seal records only when it finds a compelling reason

and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr for Auto Safety*, 809 F.3d at 1096-97 (internal citations and quotations omitted).

A party seeking to seal documents under this standard must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Here, the compelling reasons standard applies to the exhibits that Plaintiffs seek to seal because they are attached to Plaintiffs' responses to motions for partial summary judgment. However, while Plaintiffs have shown compelling reasons to seal certain exhibits, they have not shown compelling reasons to seal all of them. The Court addresses these exhibits below.[1]

Plaintiffs seek to seal Exhibit 7, explaining that it is an expert report from Dr. Helena Huckabee regarding the minor Plaintiff in this matter. The report includes the minor Plaintiff's full name as well as details of her medical history. The Court finds that Plaintiffs have shown compelling reasons to seal this exhibit. *See Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2022 WL 17253803, at *3 (D. Nev. Nov. 1, 2022) (explaining that "sensitive and private medical information protected by HIPAA" meets the compelling reasons standard); *see Steven City Broomfield v. Aranas*, No. 3:17-cv-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (compiling cases).

---

[1] Exhibits 1-7 to both motions are the same. So, the Court will refer to exhibits 1-7 interchangeably. Plaintiffs' motion to seal exhibits attached to their response to Lewis and Fitzgerald's motion for partial summary judgment also seeks to seal an additional, eighth exhibit.

Plaintiffs seek to seal Exhibits 1, 2, and 4, explaining that they contain the full names of minor students, which are protected under Federal Rule of Civil Procedure 5.2. However, Federal Rule of Civil Procedure 5.2(a) addresses redacting documents, not sealing them entirely. And while Plaintiffs generally refer to the Family Educational Rights and Privacy Act in their motion, they do not explain how it serves to protect each individual exhibit. Plaintiffs have not shown compelling reasons to seal these exhibits.

Plaintiffs seek to seal Exhibit 3, explaining that it is a deposition transcript, in portions of which the deponent identifies the names of minor students. However, Plaintiffs also point out that the portions they seek to seal do not contain those names. Instead, their justification for sealing the deposition transcript is that the parties have designated the deposition confidential under their protective order. But that alone is not enough to justify sealing. *See Foltz*, 331 F.3d at 1133, 1138; *see also Beckman Indus., Inc.*, 966 F.2d at 476. Plaintiffs have not shown compelling reasons to seal this exhibit.

Plaintiffs seek to seal Exhibits 5, 6, and 8. However, their only justification for sealing these exhibits is that they "have been identified as confidential by Defendants CCSD and Perryman, presumably on the basis that CCSD's internal personnel decisions should be shielded from public scrutiny." However, again, that a party has designated a document confidential under a protective order does not justify sealing. *See Foltz*, 331 F.3d at 1133, 1138; *see also Beckman Indus., Inc.*, 966 F.2d at 476. Plaintiffs have not shown compelling reasons to seal these exhibits.

Because Plaintiffs have not shown compelling reasons to seal most of the exhibits they seek to seal, the Court will deny their motion without prejudice. However, the Court will retain the documents under seal until Plaintiffs have filed a renewed motion to seal and the Court has ruled on that motion. Plaintiffs need only file one motion to seal the documents at issue. If Plaintiffs rely on Defendants' designations of confidentiality as their sole reason for sealing certain documents, Defendants must respond to the motion and provide justification to seal the documents. Alternatively, Plaintiffs and Defendants may stipulate to seal the documents.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions to seal (ECF Nos. 71, 73) are **denied without prejudice.**  Plaintiffs must file a renewed motion—or Plaintiffs and Defendants may stipulate—to seal on or before **October 20, 2025.**  The Court will retain the documents at issue under seal until it rules on any renewed motion or stipulation.  If Plaintiffs file a motion and, in that motion rely on Defendant's designations of confidentiality as their sole reason for sealing certain documents, Defendants must respond to the motion and provide justification to seal the documents.

DATED: September 19, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE