UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

B.H., a minor by and through her Parent
Sirbrina Bell,

                                    Plaintiff(s),

         v.

CLARK COUNTY SCHOOL DISTRICT, et al.,

                                    Defendant(s).

Case No.2:23-CV-564 JCM (DJA)

ORDER

Presently before the court is defendants Kathryn Fitzgerald, Ryan Lewis, Clark County School District ("CCSD"), and Scarlett Perryman (collectively "defendants")'s bills of cost. (ECF Nos. 81, 83). Plaintiffs B.H. and Sirbrina Bell (collectively "plaintiffs") filed objections to the bills of cost. (ECF Nos. 85, 87). Defendants did not respond to plaintiffs' objections.

On November 17, 2025, this court granted summary judgment as to plaintiffs' federal causes of action and declined to exercise supplemental jurisdiction over the remaining state claims. (ECF No. 80). On December 15, 2025, plaintiffs filed a notice of appeal as to the court's summary judgment order. (ECF No. 86).

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise."[1] Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, "but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n. of Mexican-Am. Educators v. State of*

_____

[1] Plaintiffs dispute whether defendants are prevailing parties; however, the court need not determine that issue at this point.

*California*, 231 F.3d 572, 591 (9th Cir. 2000)).

Additionally, district courts have discretion to defer ruling on a taxation of costs while an appeal on the merits is pending. *See* Fed. R. Civ. P. 54(d) advisory committee notes to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Thomas v. Clark Cnty., Nevada*, No. 2:18-CV-01615-CDS-MDC, 2025 WL 3528071, at *1 (D. Nev. Dec. 9, 2025). Since a ruling from the Ninth Circuit could moot defendants' bills of cost, the court defers on ruling on them and plaintiffs' objections until after the appeal is resolved.

**I.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' bills of costs (ECF Nos. 81, 83) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' objections (ECF Nos. 85, 87) be, and the same hereby is, denied as moot.

Defendants may refile their bills, if appropriate, within fourteen days of the Ninth Circuit's mandate on plaintiffs' appeal.

DATED February 25, 2026.

_____
UNITED STATES DISTRICT JUDGE